Citation Nr: 1008499 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-10 639 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, 
South Carolina


THE ISSUE

Entitlement to service connection for residuals of a head 
injury.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

G. Slovick, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from 
July 1945 to May 1946 and from July 1952 to June 1954.

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal from a July 2007 rating decision by the 
Columbia, South Carolina, Regional Office (RO) of the 
Department of Veterans Affairs (VA).

As an initial matter, the Board notes that the Veteran had 
perfected an appeal for entitlement to service connection for 
a knee disorder. The Board notes, however that, in a 
December 2009 correspondence, the Veteran stated that he 
wished to withdraw this issue from his appeal. Therefore, 
his appeal in this matter is considered withdrawn. 38 C.F.R. 
§ 20.204 (2009). 

The Veteran testified before the Board in a December 2009 
hearing. A transcript of that hearing is of record in the 
Veteran's claims file.

Please note this appeal has been advanced on the Board's 
docket pursuant to 38 C.F.R. § 20.900(c) (2009). 38 U.S.C.A. 
§ 7107(a)(2) (West 2002).


FINDING OF FACT

Headaches experienced by the Veteran are the residuals of an 
in-service head injury.


CONCLUSION OF LAW

Headaches, residuals of a head injury, were incurred in 
service. 38 U.S.C.A. §§ 1101, 1110, 5107 (West 2002); 38 
C.F.R. §§ 3.303 (2009).


REASONS AND BASES FOR FINDING AND CONCLUSION

VCAA

VA's duties to notify and assist claimants in substantiating 
a claim for VA benefits are found at 38 U.S.C.A. §§ 5100, 
5102, 5103, 5103A, 5107, 5126 and 38 C.F.R. §§ 3.102, 
3.156(a), 3.159, 3.326(a). See also 73 Fed. Reg. 23,353-
23,356 (April 30, 2008) (concerning revisions to 38 C.F.R. § 
3.159). Upon receipt of a complete or substantially complete 
application for benefits, VA is required to notify the 
claimant and his or her representative, if any, of any 
information, and any medical evidence or lay evidence that is 
necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 
38 C.F.R. § 3.159(b); see also Quartuccio v. Principi, 16 
Vet. App. 183 (2002). In accordance with 38 C.F.R. § 
3.159(b)(1), proper notice must inform the claimant of any 
information and evidence not of record (1) that is necessary 
to substantiate the claim; (2) that VA will seek to provide; 
and (3) that the claimant is expected to provide. Notice 
should be sent prior to the appealed rating decision or, if 
sent after the rating decision, before a readjudication of 
the appeal. A Supplemental Statement of the Case, when 
issued following a notice letter, satisfies the due process 
and notification requirements for an adjudicative decision 
for these purposes. See Mayfield v. Nicholson, 444 F.3d 1328 
(Fed. Cir. 2006).

In this case, notice fulfilling the requirements of 38 C.F.R. 
§ 3.159(b) was furnished to the Veteran in March 2007, prior 
to the date of the issuance of the appealed July 2007 rating 
decision.

The Board further notes that, in March 2007, the Veteran was 
notified that a disability rating and an effective date for 
the award of benefits are assigned in cases where service 
connection is warranted. See Dingess/Hartman v. Nicholson, 
19 Vet. App. 473 (2006).

Given the favorable disposition of the claim for service 
connection for residuals of a head injury, the Board finds 
that all notification and development actions needed to 
fairly adjudicate the claim have been accomplished.

Laws and Regulations

Service connection will be granted if the evidence 
demonstrates that a current disability resulted from an 
injury or disease incurred in or aggravated by active 
military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires (1) 
medical evidence of a current disability; (2) medical or, in 
certain circumstances, lay evidence of in-service incurrence 
or aggravation of a disease or injury; and (3) medical 
evidence of a nexus between the claimed in-service disease or 
injury and the present disability. Shedden v. Principi, 381 
F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. 
App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 
(Fed.Cir.1996) (table); see also Shedden v. Principi, 381 
F.3d 1163, 1167 (Fed. Cir. 2004); Hickson v. West, 12 Vet. 
App. 247, 253 (1999); 38 C.F.R. § 3.303. 

Under 38 C.F.R. § 3.303(b), an alternative method of 
establishing the second and third Shedden/Caluza element is 
through a demonstration of continuity of symptomatology. 
Barr v. Nicholson, 21 Vet. App. 303 (2007); see Savage 10 
Vet. App. 488, 495-97 (1997); see also Clyburn v. West, 12 
Vet. App. 296, 302 (1999). Continuity of symptomatology may 
be established if a claimant can demonstrate (1) that a 
condition was "noted" during service; (2) evidence of post-
service continuity of the same symptomatology; and (3) 
medical or, in certain circumstances, lay evidence of a nexus 
between the present disability and the post-service 
symptomatology. Savage, 10 Vet. App. at 495-96; see Hickson, 
12 Vet. App. at 253 (lay evidence of in-service incurrence 
sufficient in some circumstances for purposes of establishing 
service connection); 38 C.F.R. § 3.303(b).

In relevant part, 38 U.S.C. § 1154(a) requires that the VA 
give "due consideration" to "all pertinent medical and lay 
evidence" in evaluating a claim to disability or death 
benefits. Lay evidence can be competent and sufficient to 
establish a diagnosis of a condition when (1) a layperson is 
competent to identify the medical condition, (2) the 
layperson is reporting a contemporaneous medical diagnosis, 
or (3) lay testimony describing symptoms at the time supports 
a later diagnosis by a medical professional." Jandreau v. 
Nicholson, 492 F.3d 1372, 1377 (Fed.Cir.2007) In fact, 
competent medical evidence is not necessarily required when 
the determinative issue involves either medical etiology or a 
medical diagnosis. Id. at 1376-77; see also Buchanan v. 
Nicholson, 451 F .3d 1331, 1337 (Fed.Cir.2006); Davidson v. 
Shinseki, 581 F.3d 1313 (Fed. Cir. Sept 14, 2009). 

Service connection may be granted for any disease diagnosed 
after discharge, when all the evidence, including that 
pertinent to service, establishes that the disease was 
incurred in service. Presumptive periods are not intended to 
limit service connection to diseases so diagnosed when the 
evidence warrants direct service connection. The presumptive 
provisions of the statute and VA regulations implementing 
them are intended as liberalizations applicable when the 
evidence would not warrant service connection without their 
aid. 38 C.F.R. § 3.303(d). 

The Board has reviewed all the evidence in the Veteran's 
claims file. Although the Board has an obligation to provide 
adequate reasons and bases supporting this decision, there is 
no requirement that the evidence submitted by the Veteran or 
obtained on his behalf be discussed in detail. Rather, the 
Board's analysis below will focus specifically on what 
evidence is needed to substantiate the claim and what the 
evidence in the claims file shows, or fails to show, with 
respect to the claim. See Gonzales v. West, 218 F.3d 1378, 
1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. 
App. 122, 128-30 (2000).

When there is an approximate balance of positive and negative 
evidence regarding any issue material to the determination of 
a matter, the VA shall give the benefit of the doubt to the 
claimant. 38 U.S.C.A. § 5107(b). 

Factual Background

The Veteran's service treatment records are silent as to any 
complaints of or treatment for a head injury or headaches.

Treatment notes from the VA medical center in Columbia, South 
Carolina (Columbia VAMC) dated in January 2007 note that the 
Veteran complained of headaches and stated that he had an old 
injury to the head. A February 2007 treatment note from the 
Veteran's private physician, Dr. O.W., reported that the 
Veteran was to receive a computed axial tomography (CT) scan 
of the head as he had a gunshot wound after a bullet 
ricocheted off of his head during basic training which 
reportedly gave him occasional headaches. A treatment note 
from the Columbia VAMC dated in March 2007 notes that a CT 
scan of the head was normal without evidence of infarct, 
hemorrhage, mass, edema, subdural hematoma or hydrocephalus. 

In a statement in support of his claim, the Veteran stated 
that he was in the Army in 1952 when a bullet hit his head 
which caused him to have headaches and continued pain and 
distress. In November 2008, the Veteran's brother, B.C., 
provided a statement in support of the Veteran's claim in 
which he stated that the Veteran was hit in the head by a 
bullet during training and that the Veteran constantly talked 
about leakage in the back of his eye. A friend of the 
Veteran's, G.W., also provided a statement in support of the 
Veteran's claim in December 2008. In his statement G.W. 
reported that the Veteran told him that he was injured during 
training at Fort Jackson when a bullet ricocheted off of his 
helmet. G.W. stated that the Veteran reported extreme 
headaches since that time and leakage behind the eye. 

The Veteran had a VA examination in January 2009. The 
Veteran's VA examiner noted that the Veteran reported that 
during basic training in 1952, a bullet ricocheted off of his 
helmet and that he had occipital headaches occurring one to 
three times a week. The Veteran stated that his headaches 
affected his activities of daily living because he was unable 
to do anything when he had a headache. It was noted that in 
March 2007, the Veteran had a CT scan of the head which was 
normal. A diagnosis of headaches with vascular features was 
provided. 

In December 2009, the Veteran testified before the 
undersigned Veterans Law Judge. During his hearing, the 
Veteran testified that during rifle-range practice a bullet 
ricocheted off of his helmet and that after that accident he 
began to have headaches. The Veteran stated that he went to 
sick call and was given aspirin and that he was hospitalized 
in Fort Ord overnight to run tests. The Veteran stated that 
his headaches had continued since that time and that he had 
never had headaches before he was injured in service. 

Analysis

The Veteran has consistently reported in statements, during 
treatment and during his BVA hearing that he has had 
headaches since his basic training when a bullet ricocheted 
off of his helmet. The statements of the Veteran's brother 
and friend additionally show that the Veteran has 
continuously reported having headaches and that he has 
consistently attributed these headaches to an injury in basic 
training. He is competent, as a lay person, to report on 
that which he has personal knowledge, such as recurrent 
headaches. Jandreau. The Board finds his account regarding 
his headaches to be credible. Consequently, the evidence 
establishes a continuity of symptomatology between the 
Veteran's described injury and his headaches, which were 
diagnosed as headaches with vascular features by his VA 
examiner. Barr. Resolving the benefit of the doubt in the 
Veteran's favor, service connection for headaches, residuals 
of a head injury, is granted. 38 U.S.C.A. §§ 1101, 1110, 
1154(b), 5107; 38 C.F.R. §§ 3.303.


ORDER

Entitlement to service connection for headaches, residuals of 
a head injury, is granted.



____________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals



 Department of Veterans Affairs